FILED
NOV - 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

MILDRED MUSGROVE )
1010 Taylor St., NE )
Washington, DC 20017 )
(202) 635-7080 )
    Plaintiff, ) Civil Action No. _____
 )
v. )
 ) DEMAND FOR JURY TRIAL
THE DISRICT OF COLUMBIA )
PUBLIC SCHOOLS )
825 North Capitol St., NE ) CASE NUMBER  1:06CV01861
Washington, DC 20002 )
 ) JUDGE: Emmet G. Sullivan
 ) DECK TYPE: Employment Discrimination
    Defendant ) DATE STAMP: 11/01/2006

JURY ACTION

## COMPLAINT OF DISCRIMINATION IN EMPLOYMENT

### INTRODUCTION

1. This complaint alleges discrimination in employment due to the plaintiff's gender and age. Specifically, plaintiff was subjected to a disparate treatment in the terms, conditions, privileges and the involuntary termination of her employment. She was also retaliated against for complaining to the Defendant for these discriminatory acts.

### JURISDICTION

2. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et. seq. This Court has jurisdiction over this matter pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq. and the D.C. Human Rights Act, D.C. Code § 2-1402.11.

Page 1

Jurisdiction is proper in this Court because Plaintiff's claims arise out of her employment by the defendant District of Columbia Public Schools; which is an entity with its principal place of business in the District of Columbia.

## VENUE

3. Venue is proper in this district pursuant to 42 U.S.C. § 2000e5 (f) and 28 U.S.C. § 1391 (b) & (c). Plaintiff's claims arose in and out of her employment with the District of Columbia Government. Additionally, all relevant records pertaining to plaintiff's claims are in the District of Columbia where the defendant's principal place of business is located.

## PARTIES

4. Plaintiff was hired by the defendant as a teacher on October 1, 1970. She served in various capacities culminating in her final appointment in 1997 as a Senior High School Principal. She is currently 59 years old.

5. Defendant DCPS is a government entity that serves to educate the children of the District of Columbia.

## FACTS

6. Plaintiff was assigned as the Principal of Anacostia High School on December 17, 1997. At the time she was sent there, the Superintendent of Schools told her it was, "the worst school in the system."

7. At the time of her appointment she became aware that four (4) of her male counterparts who were principals at other troubled schools were given financial incentives, additional staffing and additional resources because they were assigned to school buildings similarly situated to her assignment at Anacostia High School.

8. From September 1998 – 2003, the plaintiff repeatedly requested the additional resources, bonuses and incentives given to her male counterparts. She also made the administration aware that she was not being paid the same amount as her male colleagues to do the same job that as she was. The defendant did not formally respond to her requests.

9. Because she made complaints about the disparate treatment with regards to her pay, the defendant subjected her to harassment from the Spring of 2002 through the Fall of the same year. Plaintiff received intimidating phone calls from the administration regarding the use of her building for elections because she had made them aware that the building could not be used due to asbestos being present in the area.

10. Also, because of her complaints, the Superintendent fostered and allowed a hostile work environment by having the head of the communications department call and harass the plaintiff regarding press inquiries.

11. On February 24, 2003 there was a fire at Anacostia High School. After the fire, the plaintiff had the maintenance staff lock the doors to the hallway leading to the computer labs in an effort to protect that part of building from thefts that would likely occur.

12. The fire marshal later saw the doors locked and ordered them to be unlocked because it violated the fire code. The plaintiff was cited at the time for that violation.

13. The next day, the plaintiff was placed on administrative leave for violating the Superintendent's directive regarding locked doors in the building and violating the fire code.

14. On July 23, 2003, the Plaintiff was terminated by DCPS. The reasons given for her termination were "(1) Discourteous treatment of the public supervisor, or other employees and (2) Violation of the rules, regulations or lawful orders of the Board of Education or any directive of the Superintendent of Schools."

15. From August 2003 – October 2003, plaintiff attempted on numerous occasions to get her annual leave payout. It was during this time that she was told that she was "old enough" to retire. Plaintiff did not receive the payout until November 2003.

16. Plaintiff filed a complaint with the DC Office of Human Rights on 11 March 2004. The Federal EEOC Office issued a right to sue letter on August 7, 2006.

## COUNT I:

### Violation of the Equal Pay Act

17. The allegations in paragraphs 1-16 are incorporated herein by reference.

18. By failing to pay the plaintiff at the same pay level and not providing the same financial support as the plaintiff's male peers, the defendant engaged in violations of Equal Pay Act. Specifically, the defendant willfully engaged in these violations when it was brought to their attention and they failed to remedy the problem. The effects of this violation are ongoing as the level of pay and pay rate is used to calculate the plaintiff's benefits with regards to retirement.

## Count II:

### Hostile Work Environment

19. The allegations in paragraphs 1- 18 are incorporated by reference.

20. By ordering his staff members to constantly call and harass the plaintiff because they did not approve of her repeated requests for equal pay, the Superintendent and the defendant created a hostile work environment in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq. as well as the D.C. Human Rights Act, D.C. Code § 2-1402.11 (2005).

## COUNT III:
## Age Discrimination

21. The allegations in paragraphs 1-20 are incorporated herein by reference. By terminating the plaintiff's employment due to her age, the defendant violated of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq. and the D.C. Human Rights Act, D.C. Code § 2-1402.11 (2005).

**WHEREFORE**, plaintiff requests the following equitable and legal relief:

a. That the Court issue a declaratory judgment holding that defendants have discriminated against plaintiff on the basis of gender by subjecting her to a hostile work environment;

b. That the Court issue a declaratory judgment holding that defendants have discriminated against plaintiffs on the basis of sex by subjecting her to a hostile work environment;

c. That the court issue a declaration directing the defendant not to discriminate against its employees on the basis of their gender;

d. That the Court order:

1. the defendant to retroactively reinstate the plaintiff to her position as a principal effective to the date of her termination;

2. that the defendants provide back pay with interest retroactive from the date of her termination to the date of the award;

3. that plaintiff's benefits be adjusted to reflect all applicable pay increases and promotions due retroactive to the date of her termination;

f. Compensatory and punitive damages to be determined by the jury;

g. Reasonable attorney's fees and costs;

h. Such other relief as the Court deems equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims.

Respectfully submitted,

*Mildred L. Musgrove*
Dr. Mildred Musgrove
Litigant Pro Se
1010 Taylor St, NE
Washington, DC 20017
(202) 635-7080

November 7, 2006

EEOC Form 161 (3/98)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mildred L. Musgrove<br>c/o E. Lindsey Maxwell, Esq.<br>Perennial Law Group, LLP<br>1455 Pennsylvania Ave., NW, Suite 100<br>Washington, D.C. 20004 | From: | Washington Field Office - 570<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2004-00214 | David Gonzalez,<br>State & Local Coordinator | (202) 419-0714 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*    **ADMINISTRATIVE CLOSURE**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature: Dana R. Hutter]*

August 7, 2006

Enclosure(s)

Dana Hutter,
Director

*(Date Mailed)*

cc: Ms. Valarie Jones
D.C. Public Schools
825 North Capitol Street, N.E.
Washington, DC 20002

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Mildred Musgrove
1010 Taylor St, NE
Washington, DC 20012

11001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

District of Columbia Public Schools
825 North Capitol St., NE
Washington, DC 20002

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

1010 Taylor Street, NE
Washington, DC 20017

CASE NUMBER  1:06CV01861

JUDGE: Emmet G. Sullivan

DECK TYPE: Employment Discrimination

DATE STAMP: 11/01/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

**○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964, 42 USC 200(e) — AGE, SEX, & HOSTILE WK. ENVIRONMENT

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   p.f.   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11-01-06   SIGNATURE OF ATTORNEY OF RECORD *Mildred L. Musgrove*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.