UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MILDRED MUSGROVE <br> 1010 Taylor St., NE <br> Washington, DC 20017 <br><br> Plaintiff, <br><br> v. <br><br> THE DISRICT OF COLUMBIA <br> PUBLIC SCHOOLS <br> 825 North Capitol St., NE <br> Washington, DC 20002 <br><br><br> Defendant | Civil Action No.  06-1861 (EGS) <br><br><br><br> RECEIVED <br> DEC 4 - 2006 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED THE COMPLAINT

Plaintiff, Mildred Musgrove, pro se, pursuant to Fed. R. Civ. P.15, and LCvR 7(i) and LCvR 15.1, respectfully seek leave of the court to file an amended complaint.

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Fed. R. Civ. P. 15 states that a motion for leave to amend a complaint, "shall be freely given when justice so requires." It is well-settled law that leave to amend the complaint is rarely denied and may be denied only where there is a demonstrable showing of prejudice to an opposing party. In fact, it may be an abuse of discretion for the court to deny leave to amend absent a demonstrable showing of prejudice. Forman v. Davis, 371 U.S.178, (1962); Jackson v. Bank of Hawaii, 902 F.2d 1385 (9th Cir. 1990); Harkless v. Sweeny Independent School District, 544 F. 2d 1353 (5th Cir.

Page 1

1977) cert. Denied 434 U.S. 966; <u>United Steelworkers of America v. Mesker Bros. Industries, Inc.</u>, 457 F.2d 91 (8th Cir. 1971).

The facts in this matter demonstrate that the proposed amendment is offered in good faith and for good reasons, that it is the first motion made by the plaintiffs to amend the complaint and that it is offered to resolve matters raised by defendants' motion to dismiss and in the interests of justice. Clearly, the defendants may not assert that their rights have been prejudiced; no answer as been filed by the defendants and no discovery has been initiated. The main reason why the defendant is not prejudiced by this error is because service of process would have been made on the same party, at the same location and with the same attorneys[1].

It is for this reason that the plaintiff respectfully requests that the motion for leave to amend the complaint be granted.

Respectfully submitted,

*Mildred L. Musgrove*
Dr. Mildred Musgrove
Litigant Pro Se
1010 Taylor St, NE
Washington, DC 20017
(202) 635-7080

December 1, 2006

---

[1] It is important to note that the substantive part of the complaint is being filed without any changes. The only amendment in the complaint is t change the name of the defendant from DC Public Schools to the Government of the District of Columbia.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing motion for leave to amend the complaint, amended complaint, opposition to defendants motion to dismiss and accompanying memorandums of points and authorities and proposed order was mailed this 1st day of December, 2006, by first-class mail, postage prepaid, to:

Government of the District of Columbia
Assistant Attorney General
Suite 600S
441 4th St., NW
Washington, DC 20001


*Mildred L. Musgrove*
Dr. Mildred Musgrove

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MILDRED MUSGROVE<br>1010 Taylor St., NE<br>Washington, DC 20017<br><br>  Plaintiff,<br><br>v.<br><br>THE DISRICT OF COLUMBIA<br>PUBLIC SCHOOLS<br>825 North Capitol St., NE<br>Washington, DC 20002<br><br><br>  Defendant | )<br>)<br>)<br>)<br>)<br>) Civil Action No.   06-1861 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

UPON CONSIDERATION of PLAINTIFF's Motion for Leave to Amend the Complaint, submitted under FED. R. CIV. P. 15, it is this _____ day of

_____, 2006 hereby ORDERED, that the motion is GRANTED, and the complaint is hereby amended and Defendant's Motion to Dismiss is thereby DENIED with prejudice for the reasons stated in the PLAINTIFF's motion and memoranda.

                 _____
                 Judge Emmet G. Sullivan

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MILDRED MUSGROVE )<br>1010 Taylor St., NE )<br>Washington, DC 20017 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GOVERNMENT )<br>OF THE DISRICT OF COLUMBIA )<br>441 4TH St., N.W. )<br>Suite 600S )<br>Washington, DC 20001 )<br>)<br>)<br>)<br>Defendant ) | Civil Action No. 06-1861 (EGS)<br><br>DEMAND FOR JURY TRIAL |

AMENDED COMPLAINT OF DISCRIMINATION IN EMPLOYMENT

INTRODUCTION

1. This complaint alleges discrimination in employment due to the plaintiff's gender and age. Specifically, plaintiff was subjected to a disparate treatment in the terms, conditions, privileges and the involuntary termination of her employment. She was also retaliated against for complaining to the Defendant for these discriminatory acts.

JURISDICTION

2. Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et. seq. This Court has jurisdiction over this matter pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq. and the D.C. Human Rights Act, D.C. Code § 2-1402.11.

Page 1

Jurisdiction is proper in this Court because Plaintiff's claims arise out of her employment by the defendant at the District of Columbia Public Schools; which is an agency of the Defendant with its principal place of business in the District of Columbia.

## VENUE

3. Venue is proper in this district pursuant to 42 U.S.C. § 2000e5 (f) and 28 U.S.C. § 1391 (b) & (c). Plaintiff's claims arose in and out of her employment with the District of Columbia Government. Additionally, all relevant records pertaining to plaintiff's claims are in the District of Columbia where the defendant's principal place of business is located.

## PARTIES

4. Plaintiff was hired by the defendant as a teacher on October 1, 1970. She served in various capacities culminating in her final appointment in 1997 as a Senior High School Principal. She is currently 59 years old.

5. Defendant DCPS is a government agency that serves to educate the children of the District of Columbia.

## FACTS

6. Plaintiff was assigned as the Principal of Anacostia High School on December 17, 1997. At the time she was sent there, the Superintendent of Schools told her it was, "the worst school in the system."

7. At the time of her appointment she became aware that four (4) of her male counterparts who were principals at other troubled schools were given financial incentives, additional staffing and additional resources because they were assigned to school buildings similarly situated to her assignment at Anacostia High School.

8. From September 1998 – 2003, the plaintiff repeatedly requested the additional resources, bonuses and incentives given to her male counterparts. She also made the administration aware that she was not being paid the same amount as her male colleagues to do the same job that as she was. The defendant did not formally respond to her requests.

9. Because she made complaints about the disparate treatment with regards to her pay, the defendant subjected her to harassment from the Spring of 2002 through the Fall of the same year. Plaintiff received intimidating phone calls from the administration regarding the use of her building for elections because she had made them aware that the building could not be used due to asbestos being present in the area.

10. Also, because of her complaints, the Superintendent fostered and allowed a hostile work environment by having the head of the communications department call and harass the plaintiff regarding press inquiries.

11. On February 24, 2003 there was a fire at Anacostia High School. After the fire, the plaintiff had the maintenance staff lock the doors to the hallway leading to the computer labs in an effort to protect that part of building from thefts that would likely occur.

12. The fire marshal later saw the doors locked and ordered them to be unlocked because it violated the fire code. The plaintiff was cited at the time for that violation.

13. The next day, the plaintiff was placed on administrative leave for violating the Superintendent's directive regarding locked doors in the building and violating the fire code.

14. On July 23, 2003, the Plaintiff was terminated by DCPS. The reasons given for her termination were "(1) Discourteous treatment of the public supervisor, or other employees and (2) Violation of the rules, regulations or lawful orders of the Board of Education or any directive of the Superintendent of Schools."

15. From August 2003 – October 2003, plaintiff attempted on numerous occasions to get her annual leave payout. It was during this time that she was told that she was "old enough" to retire. Plaintiff did not receive the payout until November 2003.

16. Plaintiff filed a complaint with the DC Office of Human Rights on 11 March 2004. The Federal EEOC Office issued a right to sue letter on August 7, 2006.

## COUNT I:

### Violation of the Equal Pay Act

17. The allegations in paragraphs 1-16 are incorporated herein by reference.

18. By failing to pay the plaintiff at the same pay level and not providing the same financial support as the plaintiff's male peers, the defendant engaged in violations of Equal Pay Act. Specifically, the defendant willfully engaged in these violations when it was brought to their attention and they failed to remedy the problem. The effects of this violation are ongoing as the level of pay and pay rate is used to calculate the plaintiff's benefits with regards to retirement.

### Count II:

### Hostile Work Environment

19. The allegations in paragraphs 1- 18 are incorporated by reference.

20. By ordering his staff members to constantly call and harass the plaintiff because they did not approve of her repeated requests for equal pay, the Superintendent and the defendant created a hostile work environment in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq. as well as the D.C. Human Rights Act, D.C. Code § 2-1402.11 (2005).

### COUNT III:

### Age Discrimination

21. The allegations in paragraphs 1-20 are incorporated herein by reference. By terminating the plaintiff's employment due to her age, the defendant violated of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et. seq. and the D.C. Human Rights Act, D.C. Code § 2-1402.11 (2005).

**WHEREFORE,** plaintiff requests the following equitable and legal relief:

a. That the Court issue a declaratory judgment holding that defendants have discriminated against plaintiff on the basis of gender by subjecting her to a hostile work environment;

b. That the Court issue a declaratory judgment holding that defendants have discriminated against plaintiffs on the basis of sex by subjecting her to a hostile work environment;

c. That the court issue a declaration directing the defendant not to discriminate against its employees on the basis of their gender;

d. That the Court order:

1. the defendant to retroactively reinstate the plaintiff to her position as a principal effective to the date of her termination;

2. that the defendants provide back pay with interest retroactive from the date of her termination to the date of the award;

3. that plaintiff's benefits be adjusted to reflect all applicable pay increases and promotions due retroactive to the date of her termination;

f. Compensatory and punitive damages to be determined by the jury;

g. Reasonable attorney's fees and costs;

h. Such other relief as the Court deems equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims.

Respectfully submitted,

*Mildred L. Musgrove*
Dr. Mildred Musgrove
Litigant Pro Se
1010 Taylor St, NE
Washington, DC 20017
(202) 635-7080

December 1, 2006