UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| **MILDRED MUSGROVE** ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **THE GOVERNMENT OF THE** ) <br> **DISTRICT OF COLUMBIA** ) <br> ) <br> ) <br> ) <br> Defendant ) <br> ) | Civil Action No. 06-1861 (EGS) <br><br> RECEIVED <br> JUL 25 2007 <br> NANCY MAYER WHITTINGTON, CLERK <br> U.S. DISTRICT COURT |

**PLAINTIFF'S SURREPLY TO DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff hereby files this surreply to the Defendant's motion to dismiss the amended complaint. Defendant states in their reply to the Plaintiff's opposition that:

> Plaintiff attempted service of process on the District of Columbia simply by sending a copy of the amended complaint by first-class mail to the Chief Deputy Attorney General for the District of Columbia. While plaintiff argues that mailing a copy of the amended complaint constitutes service under Rule 5, that rule applies only to service of pleadings and other papers upon defendants who have already been joined in the case through proper service of process under Rule 4.

*Reply Memorandum To Plaintiff's Opposition to Defendant's Motion To Dismiss*

It is important to note that the Defendant's interpretation of the Rule, without the support of any relevant case law is not accurate. Rule 5 certainly does not read, through its interpretation or plain language, in the way that it is stated above. It is well settled that an amended complaint is NOT a complaint but is a pleading and therefore does NOT require the same standards of service as

required under Rule 4. In support of this position, we direct the court to its own LCvR 7(i) and LCvR 15.1 which identically state that "[an] amended pleading shall be deemed to have been filed and served by mail on the date on which the order granting the motion is entered." Therefore, the Order handed down by this Court to properly serve the Defendant was effected when service was made by mail.

It is also important to note that the motion for leave to file the amended complaint stated clearly that the reason why the motion should be granted is because the Defendant would not be prejudiced by granting the motion. Specifically, it stated that had the complaint been served on the District of Columbia instead of the DC Public Schools, it would have been served at the same location to the same attorneys at the same office. In essence, the failure to identify DCPS instead of the Government of The District of Columbia was merely a fixable error and should have been treated as a typographic error. To prove this, a review of the original summons and its accompanying proof of service show that service was effected on the DC Office of the Attorney General. Furthermore, in the footnote of that motion it stated that nothing substantive in the original complaint had been changed.

Because the Court saw fit to grant the motion to amend the complaint it should therefore see fit to deny the Plaintiff's pending motion to dismiss.

                              Respectfully submitted,

                              *Mildred Musgrove*
                              Dr. Mildred Musgrove
                              Litigant Pro Se
                              1010 Taylor St, NE
                              Washington, DC 20017
                              (202) 635-7080

24 July 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing plaintiff's surreply to the defendants motion to dismiss the amended complaint and accompanying memorandums of points and authorities and proposed order was mailed this 24th day of July, 2007, by first-class mail, postage prepaid, to:

Government of the District of Columbia
Carl Schifferle
Assistant Attorney General
Suite 600S
441 4th St., NW
Washington, DC 20001


_Mildred Musgrove_
Dr. Mildred Musgrove