**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MILDRED MUSGROVE,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 06-1861 (EGS)** |
| | : | **Judge Emmet G. Sullivan** |
| **v.** | : | |
| | : | |
| **DISTRICT OF COLUMBIA,** | : | |
| | : | |
| **Defendant,** | : | |
| | : | |
| _____ | : | |

## DISTRICT OF COLUMBIA'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant District of Columbia ("the District"), by and through the undersigned, hereby moves this court to dismiss the amended complaint, or, in the alternative, for summary judgment in favor of the District. As grounds for this motion, the District states that:

1. Plaintiff's claims must be filed within 300 days of the alleged injury with the D.C. Office of Human Rights ("OHR") and/or the Equal Employment Opportunity Commission ("EEOC").

2. Plaintiff's claims under the D.C. Human Rights Act ("DCHRA") are barred because plaintiff failed to comply with D.C. Code § 12-309.

3. Plaintiff failed to exhaust her administrative remedies through DCOHR and/or EEOC.

4. Plaintiff's DCHRA claims are barred based on statute of limitations and the settlement agreement entered into between plaintiff and the District of Columbia Pubic Schools ("DCPS").

5. Punitive damages are not recoverable against the District of Columbia.

A Memorandum of Points and Authorities and Statement of Undisputed Facts in support of the District's motion are attached hereto.

Date: May 14, 2008

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Toni Michelle Jackson_____
Toni Michelle Jackson [453765]
Interim Chief, General Litigation Section III
Civil Litigation Division

____/s/  Kerslyn D. Featherstone _____
KERSLYN D. FEATHERSTONE [422968]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6600
F(202) 727-3625

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MILDRED MUSGROVE,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 06-1861 (EGS)** |
| | : | **Judge Emmet G. Sullivan** |
| **v.** | : | |
| | : | |
| **DISTRICT OF COLUMBIA,** | : | |
| | : | |
| **Defendant,** | : | |
| | : | |
| _____ | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### INTRODUCTION

Plaintiff was a high school principal at Anacostia High School with DCPS for approximately six years.  In February 2003, plaintiff was placed on administrative leave for disregarding the Superintendent's directive regarding locked doors in the school in violation of the D.C. fire code.   Based on plaintiff's disregard of the Superintendent's directive, and her discourteous treatment of the public supervisor and other employees, plaintiff was terminated on July 23, 2003, effective August 6, 2003.  Plaintiff filed a grievance of her termination and through arbitration, plaintiff entered into a settlement agreement with DCPS to be reinstated in her position as principal with back pay.

Defendant moves this court to dismiss the amended complaint because plaintiff claims are substantively defective.  Plaintiff's claims are barred because she failed to timely file her claim of a Equal Pay Act violation with DCOHR and/or EEOC, she failed to exhaust her remedies on all of her claims through DCOHR and/or EEOC, she failed to comply with D.C.

Code § 12-309, the statute of limitations and the terms of the settlement agreement reached between plaintiff and DCPS bar all claims in plaintiff's complaint.

## STATEMENT OF FACTS

Plaintiff was employed as the principal of Anacostia High School with DCPS since December 17, 1997. *See* Amended Complaint at 2, ¶ 6. From September 1998 – 2003, plaintiff complained to the administration that she was not being paid the same amount as her male colleagues who were doing the same job as plaintiff. *Id.* at 3, ¶8. Moreover, plaintiff repeatedly requested the additional resources, bonuses and incentives given to her male counterparts. *Id.*

Beginning in the Spring of 2002 – Fall 2002, plaintiff began receiving intimidating phone calls from the administration regarding her use of the school for election purposes. *Id.* at 3, ¶9. In addition, because plaintiff made complaints about disparate treatment with regards to her pay, she was continually harassed by the administration, creating a hostile work environment for plaintiff. *Id.* 3, ¶9, 10.

On February 24, 2003, there was a fire at Anacostia High School, during which time plaintiff asked maintenance staff to lock the doors in the school leading to the computer labs. *Id.* 3, ¶11. As a result, plaintiff was placed on administrative leave for violating the Superintendent's directives regarding locking doors in the school. *Id.* 3, ¶12.

On July 23, 2003, plaintiff was terminated from her position as Principal of Anacostia High School, effective August 6, 2003. *Id.* at 3, ¶14; *see also* Exh. 1, Letter of termination. On July 24, 2003 and August 26, 2003, respectively, plaintiff filed notices of her intent to grieve her termination. *See* Exh. 2, Step 1 - Letter of intent to grieve termination and Exh. 3, Step 2 –

Letter of intent to grieve termination.    On December 13, 2003, plaintiff requested arbitration regarding her termination.  *See* Exh. 4, Step 3 – Letter requesting arbitration.

On May 14, 2004, plaintiff filed a charge of discrimination with DCOHR.  *See* Exh. 5, Charge of Discrimination.  On May 25, 2004, plaintiff entered into a settlement agreement with DCPS regarding her termination.  *See* Exh. 6, Settlement Agreement.[1]  On June 25, 2004, plaintiff was reinstated as principal with DCPS.  *See* Exh. 7, Letter of Reinstatement.  On May 24, 2005, DCOHR administratively dismissed plaintiff's complaint based on the settlement agreement reached on May 25, 2004.  *See* Exh. 8, DCOHR Dismissal of Complaint.  On July 21, 2005, EEOC declined to take further action on plaintiff's charge based on the settlement between plaintiff and DCPS.  *See* Exh. 9, EEOC Letter.

## STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a court must accept the allegations in the complaint as true. *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999).

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). *See also Western Assoc. L.P. v. Market Square Assoc.*, 235 F.3d 629, 633 (D.C. Cir. 2001) ("The court assumes that the factual allegations in the complaint are true, but it is not bound by the complaint's legal conclusions.").

---

[1] Pursuant to the terms of the settlement agreement, this document is only being offered by the District to show that plaintiff entered into the agreement and her claims are barred by this agreement.  *Id.*at 2, ¶ 8.

The Supreme Court, has clarified the standard by which a complaint challenged by a Rule 12(b)(6) motion must be judged. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Court held that, while a complaint so attacked "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Slip op.* at 8 (citing, *inter alia*, *Papasan*).

The *Twombly* Court specifically disavowed *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which innumerable courts have cited over the decades for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*'s "no set of facts language has been questioned, criticized, and explained away long enough.  [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . . *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Bell Atlantic*, *supra*, at 1959-60.

More specifically, the Court noted that, for a complaint to survive a Rule 12(b)(6) motion to dismiss, there must be a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." *Id*. at n.8 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

Similar to the Courts' analysis on a motion to dismiss, summary judgment may be granted for a moving party when it shows that there are no material facts in dispute and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hussain v. Prinicipi*, 344 F. Supp. 2d 86, 94 (D.D.C. 2004).

"In considering a motion for summary judgment, the 'evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Hussain*, 344 F. Supp. 2d at 94 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986)).

A party may rely on evidence outside of the pleadings to support his motion for summary judgment. Fed. R. Civ. P. 56(a) (allowing claimant to rely on supporting affidavits). Should the Court consider the evidence outside of the pleadings, this Motion to Dismiss will convert to a motion for summary judgment. Fed. R. Civ. P. 12(b); *Herron v. Veneman*, 305 F. Supp. 2d 64, 70 (D.D.C. 2004) ("Often the introduction of factual materials by the parties—including depositions, answers to interrogatories, admissions on file and affidavits—will convert a Rule 12(b)(6) motion to dismiss to a Rule 56(b) motion for summary judgment.").

## ARGUMENT

### I.  PLAINTIFF FAILED TO TIMELY FILE CHARGE OF A DISCRIMINATION WITH DCOHR AND/OR EEOC.

Plaintiff alleges in Count I of her amended complaint that defendant violated the Equal Pay Act, under Title VII, of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*, by "failing to pay the plaintiff at the same pay level and not providing the same financial support as the plaintiff's male peers." *See* Amended Complaint at 4, ¶ 18.   Moreover, plaintiff alleges that defendant failed to remedy the problem when it was brought to the attention of the defendant. *Id.* In Count II of her complaint, plaintiff also alleges that defendant violated her rights under Title VII by creating a hostile work environment. *Id.* Because of her complaints to the Superintendent about her equal pay complaints, the Superintendent fostered and allowed a hostile work environment by having the heads of the communications department call and harass plaintiff. *Id.* at 3, ¶ 10. Plaintiff believed that harassment was based on the Superintendent's disapproval of her request

for equal pay. *Id.* For the reasons discussed below, plaintiff's claims are time-barred and must be dismissed.

An individual wishing to bring a Title VII lawsuit must first file an EEOC charge within, 180 days[2] "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-2(a)(1). The Supreme Court held in *National Railroad Passenger Corporation v. Morgan,* that the time for filing a charge of employment discrimination with the EEOC begins when the discriminatory act occurs. 536 U.S. 101 (2002), Moreover, this rule applies to any "[d]iscrete ac[t]" of discrimination, including discrimination in "termination, failure to promote, denial of transfer, [and] refusal to hire." *Id.*

In, *Ledbetter v. Goodyear Tire and Rubber Co., Inc.,* a recent Supreme Court case, the Court held that "a pay-setting decision is a "discrete act," it follows that the period for filing an EEOC charge begins when the act occurs." 127 S.Ct. 2162, 2165 (2007). Moreover, "Title VII of the Civil Rights Act of 1964 makes it an 'unlawful employment practice' to discriminate 'against any individual with respect to his compensation ... because of such individual's ... sex.' 42 U.S.C. § 2000e-2(a)(1). An individual wishing to challenge an employment practice under this provision must first file a charge with the EEOC. § 2000e-5(e)(1). Such a charge must be filed within a specified period (either 180 or 300 days, depending on the State) 'after the alleged unlawful employment practice occurred,' and if the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court, § 2000e-5(f)(1)." *See Ledbetter, supra,* 127 S.Ct. at 2166-2167.

---

[2] Pursuant to 42 U.S.C. § 2000e-5(e)(1), a charge under this section shall be filed within three hundred days after the alleged unlawful employment practice occurred if the person aggrieved has initially instituted proceedings with a State or local agency, as plaintiff did in this matter.

In *Ledbetter*, *supra,* "plaintiff worked for Goodyear Tire and Rubber Company at its Gadsden, Alabama, plant from 1979 until 1998. During much of this time, salaried employees at the plant were given or denied raises based on their supervisors' evaluation of their performance. In March 1998, [plaintiff] submitted a questionnaire to the EEOC alleging certain acts of sex discrimination, and in July of that year she filed a formal EEOC charge. After taking early retirement in November 1998, [plaintiff] commenced [an] action, in which she asserted, among other claims, a Title VII pay discrimination claim and a claim under the Equal Pay Act." 127 S.Ct. at 2165 (2007). The Court held that *Ledbetter* should have filed an EEOC charge within 180 days[3] after each allegedly discriminatory employment decision was made and communicated to her. *Id.*

Similarly, here, plaintiff alleges that upon her appointment to her position as principal in December 1997, she "became aware that four of her male counterparts who were principals at other troubled schools were given financial incentives, additional staffing and additional resources." *See* Complaint at 2, ¶ 7. Plaintiff further alleges that on September 1998 through 2003, defendant willfully refused to pay defendant the same pay level or to provide the same financial support as her male counterparts. *Id.* at 4, ¶ 18. Plaintiff filed her discrimination charge on May 14, 2004 with DCOHR, which cross-filed with EEOC. *See* Exh. 5. In her complaint plaintiff alleges that because of her sex, she was not compensated as similarly situated male senior high school principals. *Id.* Plaintiff further alleges that this conduct continued up to the 2002-2003 school year. *Id*.

Because plaintiff filed in her state agency first, DCOHR, plaintiff had a 300-day statutory filing period. The Courts have held that the time period in which the discriminatory act occurs starts the time for filing a complaint.

---

[3] In the instant case, the applicable time period would be 300 days.

The only allegations that would conceivably fall within the 300-day statutory filing period would be any allegations that occurred on or after July 12, 2003. Plaintiff, however, knew of the alleged unequal pay since December 1997. *See* Complaint at 3, ¶ 7; *see also* Exh, 5. Based on plaintiff's allegations, which clearly fall outside of the 300-day time period for filing with DCOHR and/or EEOC, her claims are time-barred.

Plaintiff also alleges that the conduct is ongoing because the level of pay used to calculate her retirement benefits was improper, as it was not calculated based on the pay received by her male counterparts. *See* Complaint at 4, ¶ 18. A careful review of plaintiff's DCOHR complaint shows that she failed to make this allegation to DCOHR. *See* Exh. 5. Based on *Ledbetter,* plaintiff should have filed a new complaint with DCOHR and/or EEOC. 127 S. Ct. 2166-2167. Because plaintiff failed to do so, she can not bring this claim. *Id.*

In addition, plaintiff's claim of hostile work environment is also time-barred. Plaintiff alleges that from Spring 2002 to Fall 2002, she was subjected to harassment by the Superintendent because she made complaints about her disparate treatment regarding her pay. *See* Complaint at 3, ¶ 9. Plaintiff makes this allegation to DCOHR on May 14, 2004. *See* Exh. 5. Moreover, in her complaint to DCOHR, plaintiff alleges that as late as October 2002, plaintiff was chastised for failing to return a phone call to a Washington Post Reporter. *Id.*

Again, the time period for filing complaints with DCOHR and EEOC is 300 days. *See Ledbetter, supra,* 127 S.Ct. at 2165. Plaintiff's complaints of hostile work environment were only alleged to have occurred from Spring 2002 – Fall 2002, with the latest allegation taking place in October 2002. Again, because plaintiff filed her complaint with DCOHR on May 14, 2004, the only allegations that would fall within the statutory filing period would be those discriminatory acts that occurred on or after July 12, 2003. Here, plaintiff's allegations occurred

in October 2002, which squarely fall outside of the 300-day statutory time period and are time-barred.

Because plaintiff failed to file her alleged acts of discrimination within the prescribed 300-day statutory filing period, her claims of Equal Pay Act violation (Count I) and Hostile Work Environment under Title VII (Count II) are time-barred and must be dismissed.

## II.    **PLAINTIFF FAILED TO EXHAUST HER ADMINSTRATIVE REMEDIES**.

Even if this court were to find that plaintiff was within the 300-day statutory time period for filing her discriminatory acts, plaintiff has failed to exhaust her administrative remedies for all counts of her complaint and they must be dismissed.

In addition to Counts I and II, plaintiff also alleges a claim of Age Discrimination under Title VII. *See* Amended Complaint at 5, ¶ 21. Plaintiff states that because of her age, she was terminated from DCPS. *Id.* However, plaintiff fails to allege this discriminatory practice in her complaint to DCOHR and EEOC. *See* Exh. 5.

The Court has held that "[i]n actions brought under Title VII, a court has authority over only those claims that are (1) contained in the plaintiff's administrative complaint or claims "like or reasonably related to" those claims in the administrative complaint and (2) claims for which the plaintiff exhausted administrative remedies." *See Lewis v. District of Columbia*, 535 F. Supp. 2d 1, 5 (D.D.C. 2008). Moreover, "[d]ismissal results when a plaintiff fails to exhaust administrative remedies." *Id.*

Here, plaintiff filed her administrative complaint on May 14, 2004 with DCOHR, which cross-filed with EEOC. In that complaint plaintiff alleged age and gender discrimination and retaliation. *See* Exh. 5. In her amended complaint filed with this Court, plaintiff alleges sex, retaliation and age discrimination under Title VII.    Plaintiff does not state a claim for

11

retaliation.[4]    *See* Amended Complaint generally.    These claims were based on plaintiff's termination from DCPS on July 17, 2003.

On May 25, 2004, plaintiff entered into a settlement agreement with DCPS regarding plaintiff's termination.    *See* Exh. 6.    Based on plaintiff's settlement with DCPS, DCOHR administratively dismissed plaintiff's claims on May 24, 2005.    Additionally, EEOC notified plaintiff by letter dated July 21, 2005, that "no further action will be taken" with respect to plaintiff's claims.    *See* Exh. 7.    As such, plaintiff has not exhausted her administrative remedies and her claims must be dismissed.

### III.    PLAINTIFF FAILED TO COMPLY WITH D.C. CODE § 12-309 FOR CLAIMS UNDER THE DCHRA.

The plaintiff cannot state a claim against the District for the allegations in her amended complaint under the DCHRA because any such claims are barred by the notice provisions of D.C. Code § 12-309.[5]    Pursuant to D.C. Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The requirement of compliance with the time limit specified in § 12-309 is absolute, strict and unqualified.    In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations.    Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and *compliance with its terms is "mandatory as a prerequisite to filing suit against the District*." [citations omitted]

---

[5] Because the plain language of the statute refers to all claims for unliquidated damages, there should be no distinction between common law claims and statutory claims, thereby making the notice requirement applicable to claims under the DCHRA.

662 A.2d 1356, 1359 (D.C. 1995) (emphasis added).

The *Dunmore* court also emphasized that, for purposes of calculating the timeliness of a § 12-309 letter, "the six-month clock begins to run from the moment the plaintiff sustains the injury." *Id.*; *see also DeKine v. District of Columbia*, 422 A.2d 981, 986 (D.C. 1980) (affirming dismissal of action for false arrest where §12-309 letter arrived *one day* late); *Kelton v. District of Columbia*, 413 A.2d 191, 921 (D.C. 1980) ("§ 12-309 starts the clock at the moment 'the injury or damage was sustained'").

Moreover, the Court held in *Byrd v. District of Columbia,* 538 F. Supp. 170 (D.D.C 2008), that "[w]hile the D.C. Court of Appeals has not weighed in on this issue, at least three D.C. Superior Court judges have found that § 12-309 applies to statutory claims, including the DCHRA. *See Cage v. District of Columbia,* No. 05-CA-0091, (D.C.Super. Ct. June 19, 2007); *McFarlane v. New Leaders for New Sch.,* No. 04-CA-8506, *14 (D.C.Super.Ct. Nov. 10, 2005); *Descunter v. District of Columbia,* No. 04-CA-7214, *5 (D.C.Super.Ct. Mar. 1, 2005)." *Id.* at 538 F. Supp. at 175-6.

"Furthermore, at least two courts in this [D]istrict have found that § 12-309 applies to statutory claims, including DCHRA claims. *E.g. Mazloum v. District of Columbia,* 522 F.Supp.2d 24, 50-51 (D.D.C.2007) (finding that police report gave necessary notice under **§** 12-309 for DCHRA claim); *Kennedy v. District of Columbia Gov't.,* 519 F.Supp.2d. 50, 58 (D.D.C.2007) (finding mandatory notice provision of § 12-309 not satisfied with respect to DCHRA claim)." *Id.*

Here, the plaintiff has not satisfied the notice provisions of D.C. Code § 12-309. Upon information and belief, to date, the plaintiff has not filed any §12-309 notice relating to any of the incidents described in her amended complaint. Furthermore, the undersigned contacted

plaintiff's attorney and requested a copy of Plaintiff's § 12-309 notice to the Mayor. Plaintiff's counsel indicated that to his knowledge, no such notice was filed. *See* Exh. 10, Email.

Moreover, the plaintiff cannot argue that her November 1, 2006, DCOHR complaint satisfies the § 12-309 notice requirement. In *Campbell v. District of Columbia*, 568 A.2d 1076 (D.C. 1990), the Court of Appeals addressed the issue of whether a complaint filed against the District within six months after the incident occurred satisfied the § 12-309 requirement. The *Campbell* Court confirmed that written notice is a condition that must precede the filing of a complaint:

> The explicit requirement of the [§ 12-309] statute that "the claimant . . . has given notice in writing," expressed in the perfect tense, makes it plain that notice must have been given before suit. Accordingly, in *Gwinn v. District of Columbia*, we stated: 'Notice under § 12-309 is a 'condition precedent' to filing a suit against the District. [internal citation omitted] Thus, unless timely notice is given, no 'right of action' or 'entitlement to maintain an action' accrues.'

*Id.* at 1078 (internal citations omitted). Since the plaintiff did not otherwise file proper § 12-309 notice, her claims under the DCHRA against the District must be barred as a matter of law.

### IV.    **PLAINTIFF'S CLAIMS ARE BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS AND THE SETTLEMENT AGREEMENT ENTERED INTO WITH DCPS.**

Plaintiff alleges three causes of action in her complaint. In Count I plaintiff alleges that defendant violated her rights of equal pay from September 1998 – 2003. *See* Complaint at 3, ¶ 8. In Count II, plaintiff alleges that she was subject to a hostile work environment from Spring 2002 – Fall 2002. *See* Complaint at 3-4, ¶s 9, 20. In Count III, plaintiff alleges that from August 2003 – October 2003, she was told she was not "old enough" to retire and did not receive her payout benefits until November 2003, which was constituted age discrimination.

*See* Complaint at 4-5, ¶s 15, 21.  Each of these claims are time-barred by the one-year statute of limitations and must be dismissed.

> A.    <u>Plaintiff's Claims of Discrimination Are Barred By the One-Year Statute Of Limitations.</u>

Because the § 12-309 notice provision only apply to claims for unliquidated damages, plaintiff's claims for equitable relief and liquidated damages are barred by the one-year statute of limitations for under the DCHRA.

D.C. Code § 2-1403.16 provides that a cause of action must be filed "within one year of the unlawful discriminatory act, or the discovery thereof."  Furthermore, "the filing of a complaint with the D.C. Office of Human Rights toll[s] the running of the statute of limitations while the complaint is pending." *Id.*; *see also Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 95 (D.D.C. 2007)(internal quotations omitted).

Here, defendant avers that because plaintiff did not timely file her complaint with DCOHR and/or EEOC, there is no tolling of the statute of limitations and plaintiff's claims are time-barred.  *See supra,* Pt. I.  Moreover, even if the court were to view the facts in the light most favorable to plaintiff, the latest allegation by plaintiff was from November 2003. *See* Amended Complaint at 4, ¶ 15.  If the Court were to accept plaintiff's filing at DCOHR as timely filed on May 14, 2004, and its subsequent administrative dismissal on May 24, 2005, plaintiff's complaint is still time-barred and must be dismissed.  Plaintiff did not file the instant action until November 1, 2006, more than one and a half years after the dismissal by DCOHR and more than 3 years after the last discriminatory act, November 3, 2003.

Although the Courts have held "[t]hat [§ 2-1403.16] does not make any mention of an analogous tolling principle that applies when a plaintiff lodges a complaint not with the D.C. Office of Human Rights, but with the EEOC. The Court has found no authority extending the

tolling provision of § 2-1403.16 in such a manner." *See Akonji, supra,* 517 F. Supp. 2d at 94. Here, plaintiff received a letter from EEOC indicating that it would take no further action on plaintiff's claim on July 21, 2005. *See* Exh. 9.  Even assuming the filing at EEOC applied to the tolling of plaintiff's complaint, plaintiff's claims are still time-barred because one year after that date would be July 21, 2006.  Plaintiff did not file her complaint until November 1, 2006, 15 months after EEOC closed plaintiff's claim.

Therefore, based on the foregoing, all of plaintiff's DCOHR claims are time-barred by the one year statute of limitations and must be dismissed.

### B.       Plaintiff's Claims Are Barred By The Settlement Agreement Entered Into By Plaintiff And DCPS.

Plaintiff was terminated by DCPS on July 23, 2003, effective August 6, 2003.  *See* Exh.1. Plaintiff grieved her termination through her union and on December 12, 2003, requested arbitration.  *See,* Exh. 4.  On May 14, 2005, plaintiff entered into a  settlement agreement "regarding her termination of employment with DCPS."  *See* Exh. 6 at 1.  In that settlement agreement, plaintiff agreed to "release and not to pursue or file any action or complaint of any nature or kind in any forum regarding her termination that was the subject of this grievance."  *Id.* at 2, ¶ 6.

In her amended complaint, plaintiff alleges that she was terminated on July 23, 2003, by DCPS.  *See* Complaint at 3, ¶ 14.  Plaintiff re-alleges this allegation for each Count listed in the complaint. *See* Complaint generally. The District avers that in each count plaintiff alleges her termination as an allegation of the Count and therefore her termination is some how intertwined in her causes of action. In fact, as part of plaintiff's requested relief, plaintiff requests that this court "retroactively reinstate plaintiff to her position as a principal, to provide back-pay with

interest retroactive from her termination, and that plaintiff's benefits be adjusted to reflect all applicable pay increases and promotions due retroactive from the date of her termination."  *See* Complaint at 5.  In essence, plaintiff seeks, in part, the same relief provided in the settlement agreement regarding her termination. *See* Exh. 6 at 1, ¶s 1-4.

By filing this action with the Court, plaintiff violated the express terms of the settlement agreement.  The claims alleged in her amended complaint fall squarely within the explicit language in her settlement agreement and therefore these claims must be dismissed.

## V.   PUNITIVE DAMAGES ARE NOT RECOVERABLE AGAINST THE DISTRICT OF COLUMBIA.

In her amended complaint, plaintiff seeks punitive damages from the District.  *See* Complaint at 5, ¶ f.  However, Plaintiff cannot recover exemplary (punitive) damages from the District of Columbia as a matter of law. Punitive damages are not available against the District of Columbia unless expressly mandated by statute, or in "extraordinary circumstances." *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Butera v. District of Columbia,* 344 U.S. App. D.C. 265 (D.C. Cir. 2001); *Smith v. District of Columbia*, 336 A.2d 831, 832 (D.C. 1975).

The D.C. Circuit has interpreted "extraordinary circumstances" to include situations "where a jurisdiction's taxpayers are directly responsible for perpetrating the policies that caused [a] plaintiff's injuries," or where "a municipality or its policymakers have intentionally adopted [an] unconstitutional policy that caused the damages in question*." Daskalea v. District of Columbia*, 261, 227 F.3d 433, 447 (D.C. Cir. 2000); *see also Butera v. District of Columbia*, 235 F.3d at 658.

Plaintiff neither cites any statutory authority for her claim of punitive damages, nor does she plead facts that constitute "extraordinary circumstances."  Therefore, plaintiff's request for punitive damages from the District of Columbia must be dismissed.

## CONCLUSION

**WHEREFORE,** based on the foregoing arguments, Plaintiff's amended complaint should be

dismissed, or in the alternative, summary judgment should be granted in favor of the District.


Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/ Toni Michelle Jackson_____
Toni Michelle Jackson [453765]
Interim Chief, General Litigation Section III
Civil Litigation Division


_____/s/ Kerslyn D. Featherstone_____
KERSLYN D. FEATHERSTONE [422968]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6600
F(202) 727-3625

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MILDRED MUSGROVE,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action No. 06-1861 (EGS)** |
| | **:** | **Judge Emmet G. Sullivan** |
| **v.** | **:** | |
| | **:** | |
| **DISTRICT OF COLUMBIA,** | **:** | |
| | **:** | |
| **Defendant,** | **:** | |
| | **:** | |
| _____ | **:** | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. Plaintiff was employed as the principal of Anacostia High School with DCPS since December 17, 1997. *See* Amended Complaint at 2, ¶ 6.

2. On February 24, 2003, there was a fire at Anacostia High School and plaintiff locked the doors in the school in violation of the Superintendent's directive. *Id.* 3, ¶11.

3. On February 25, 2003, plaintiff was placed on administrative leave. *Id.* 3, ¶12.

4. On July 23, 2003, plaintiff was terminated from her position as Principal of Anacostia High School, effective August 6, 2003. *Id.* at 3, ¶14; *see also* Exh. 1, Letter of termination.

5. On July 24, 2003 and August 26, 2003, respectively, plaintiff filed notices of her intent to grieve her termination. *See* Exh. 2, Step 1 - Letter of intent to grieve termination and Exh. 3, Step 2 – Letter of intent to grieve termination.

6. On December 13, 2003, plaintiff requested arbitration regarding her termination. *See* Exh. 4, Step 3 – Letter requesting arbitration.

7. On May 14, 2004, plaintiff filed a charge of discrimination with DCOHR. *See* Exh. 5, Charge of Discrimination.

8.  On May 25, 2004, plaintiff entered into a settlement agreement with DCPS regarding her termination.  *See* Exh. 6, Settlement Agreement dated May 25, 2004.

9.  On June 25, 2004, plaintiff was reinstated as principal with DCPS.  *See* Exh.7, Letter of Reinstatement.

10. On May 24, 2005, DCOHR administratively dismissed plaintiff's complaint based on the settlement agreement reached on May 25, 2004.  *See* Exh. 8, DCOHR Dismissal of Complaint.

11. On July 21, 2005, EEOC declined to take further action on plaintiff's charge based on the settlement between plaintiff and DCPS.  *See* Exh. 9, EEOC Letter.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

     */s/ Toni Michelle Jackson*
Toni Michelle Jackson [453765]
Interim Chief, General Litigation, Section III
Civil Litigation Division

     */s/  Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE [422968]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6600
F(202) 727-3625

# EXHIBIT 1



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of Human Resources*
825 North Capitol Street, N.E.
Sixth Floor
Washington, D.C. 20002-4232
(202) 442-4080 Fax: (202) 442-5315
www.k12.dc.us

<u>HAND DELIVERED</u>

July 23, 2003

Mildred Musgrove
1010 Taylor Street, N.E.
Washington D.C. 20017

          Re:    Notice of Termination
                    Principal
                    Anacostia Senior High School

Dear Ms. Musgrove:

Pursuant to the District of Columbia Municipal Regulations (DCMR), Title 5, Chapter 14, as well as pertinent provisions of the negotiated Agreement between the Board of Education and the Council of School Officers (CSO), I am writing to notify you that you will be terminated from your position as a principal for the District of Columbia Public Schools (DCPS) effective August 6, 2003. Kindly be advised that you will be placed on administrative leave with pay from July 23, 2003 until the effective date of your termination. You are not to be in or on the grounds of Anacostia Senior High School or be on the District of Columbia Public Schools property during this period of administrative leave, unless cleared by the Office of Labor Management and Employee Relations (LMER).

You are being dismissed on these grounds:

Grounds 1:    DCMR § 1401.2 (n) "Discourteous treatment of the public supervisor, or other employees."

Reasons 1:    On March 31, 2003, the Division of Security issued an investigative report which found that the allegation of harassment was unsubstantiated based on the legal definition, however, after further review it was determined that you intimidated and retaliated against teachers who had spoken with the Superintendent during his January 30, 2003 visit to the school.

           On January 31, 2003, the Superintendent visited Anacostia Senior High School. During his visit, some teachers spoke with him. On February 6, 2003, you called an emergency staff meeting to discuss the Superintendent's visit. During the meeting, you told the staff that they should not speak with anyone from downtown about school related problems, and that you knew staff members talked to him during his visit. You stated that you would whip

---

Notice of Termination
Re:  Mildred Musgrove
Page 2

those people down to the ground.  You further told the staff that you would be meeting individually with the three staff members who had spoken with the Superintendent.  The staff members who had spoken with the Superintendent indicated that you were attempting to threaten and intimidate them.  Other staff members indicated that they did not feel intimidated by the meeting, however, some were confused about the meeting and what you were talking about.  Another staff member indicated that you were unhappy about the situation and that there was tension in the meeting.  You met individually with the three staff members.  They indicated that you met with them to find out what they had told the Superintendent.  One staff member described the meeting as hostile and confrontational.  Another stated that you made threats and attempted to intimate them.

Your behavior as reported in the investigative report is totally unacceptable as an employee of DCPS.  Our staff expects and deserves a large degree of protection, safety and sensitivity from the principal and other adults in our schools.  Your actions reflected poor professional judgment.  Employees have a right to speak with the Superintendent without fear of reprisal, intimidation or retaliation.

Grounds 2:    DCMR § 1401.2 (t) "Violation of the rules, regulations, or lawful orders of the Board of Education or any directive of the Superintendent of Schools, issued pursuant to the rules of the Board of Education."

Superintendent's Directive 661.10, Locking of School Exit Doors - Prohibited and Superintendent's Directive 661.14, D.C. First Department, Fire Prevention Code Responsibility of All School Principals.

Reasons 2:    On April 15, 2003, the Division of Security issued an investigative report which found that you ordered two exit doors be padlocked while the school was occupied by students and staff.  Your order put the students and staff in extreme danger and could have resulted in the loss of life and injuries during a fire at the school.

The investigative report revealed that on February 24, 2003, an MVM Security Officer smelled smoke.  The fire alarms were activated.  The Metropolitan Fire Department responded and discovered a fire inside the girls' locker room located in the gymnasium.  Students and staff were evacuated from the building.

You radioed the Head Custodian, and asked him to begin locking any doors that the firemen were not using.  The Fire Investigator met with you, and issued you a Notice of Fire Code Infraction which stated that you were in violation of D.C. Fire Regulation 3235.1(d) and issued a fine of $2,000.00 for

Notice of Termination
Re: Mildred Musgrove
Page 3

having two exit doors pad locked during a time that the school was occupied
by students and staff. The investigative report also revealed that you admitted
that you told the Head Custodian to lock the doors. Specifically, you stated,
"I radioed Mr. Benjamin and asked him to begin locking any doors that the
firemen were not using."

Superintendent's Directive 661.10 states that, "It shall be unlawful or any person to have any
exit door in any public building locked in such manner as would necessitate a key to unlock
from the inside or requires more than thirty (30) seconds to unlock, while the area or floor
served by such door is occupied . . ." and that compliance is required. Superintendent
Directive 661.14, further states that "It shall be the responsibility of school principals to
coordinate and ensure that all fire code compliance activities within their respective school
buildings are monitored on a daily basis," and that "principals are to ensure that: Doors
designated as fire exit doors remain unlocked during times of occupancy by students and
staff, and free of any locks which may prevent quick evacuation . . ." and that compliance
with this directive is mandatory. Your conduct was clearly in violation of this directive.

In your position as the principal, you are ultimately responsible for the safety and welfare of
the students and staff at your school. You are expected to be a leader and follow the rules
and regulations which govern all employees of DCPS.

Your actions exposed DCPS to potential legal action, and adversely affects our ability to
maintain the confidence of students and staff in providing a safe environment for them. You
displayed extremely poor professional judgment on your part, and as a result, your actions
had an adverse impact on the students and the image of our school district.

Within five (5) school days of your receipt of this notice, you have the right to review any
documents supportive of the charges, to reply in writing or in person to all charges and to
furnish any statements or documents in support of your reply. Your request to review the
documents, to reply in person or to submit a written reply and statements supporting your
reply must be directed to Loretta Blackwell, Director, Labor Management and Employee
Relations (LMER), 825 North Capitol Street, N.E., Sixth Floor, Washington, D.C. 20002;
telephone (202) 442-5373.

Your termination will be effective as stated above unless upon consideration of all relevant
facts, the action is to be modified; at which time you and CSO will be so notified in writing.
If you do not receive such communication, this will serve as your final notice of termination.

You have the right to file a grievance concerning this action in accordance with Article VIII,
Grievance and Arbitration, of the Agreement between the Board of Education and the CSO.

Notice of Termination
Re: Mildred Musgrove
Page 4


The grievance must be filed within ten (10) working days after receipt of the notice of termination. Your grievance must be addressed to the appropriate DCPS official with a copy to LMER at the above address.

Sincerely,

Dr. William Wilhoyte
Assistant Superintendent

cc:     Dr. Karen R. Jackson, Chief – Human Resources
        Dr. Elfreda Massie, Chief of Staff
        Valarie Sheppard, HR
        Aileen Baker, HR
        Joyce Smith, Division of Finance
        Theodore Tuckson, Division of Security
        Frank Bolden, Council of School Officers
        Official Personnel File
        Labor Management Employee Relations

# EXHIBIT 2

**Mildred L. Musgrove, Ed.D.**
1010 Taylor Street, N. E.
Washington, D. C. 2—17-1818
(202) 635-7080

RECEIVED
JUL 2 8 2003
CSO

July 24, 2003

Dr. William Wilhoyte
Assistant Superintendent
D. C. Public Schools
825 North Capitol Street, N. E. – 9th Floor
Washington, D.C. 20002-4232

> RE:   Notice of Termination
>       Principal
>       Anacostia Senior High School

Dear Dr. Wilhoyte:

This communication serves to notify you of my intention to file a grievance in accordance with Article VIII, Grievance and Arbitration, of the Agreement between the Board of Education and Council of School Officers.

Please contact me so that we might arrange a mutually agreeable time and date for Step I of the process.

I can be reached at my home by mail or by telephone.

Sincerely,

*Mildred L. Musgrove*

Mildred L. Musgrove, Ed.D.

Copies:    Mr. Frank Bolden, Council of School Officers
           Labor Management Employee Relations

# EXHIBIT 3



**Mildred L. Musgrove**
1010 Taylor Street, N. E.
Washington, D. C. 20017-1818
(202) 635-7080

August 26, 2003

Dr. Paul L. Vance
Superintendent
D. C. Public Schools
825 North Capitol Street, N. E. – 9th Floor
Washington, D. C. 20002-4232

RE:        Step II Grievance
           Notice of Termination – August 6, 2003
           Principal
           Anacostia Senior High School

Dear Dr. Vance:

This communication serves to request a Step II Grievance, based on my termination as the principal of Anacostia Senior High School. This request is in accordance with Article VIII, Section C, Subsection 2b of the Agreement between the Board of Education and the Council of School Officers.

Please contact me so that we might arrange a mutually agreeable time and date for Step II of the process. I can be reached at my home by mail or by telephone.

Mailing Address:        1010 Taylor Street, N. E.
                        Washington, D. C. 20017-1818

Telephone Number:        (202) 635-7080

Sincerely,

*Mildred L. Musgrove*

Mildred L. Musgrove, Ed.D.

Copies:        Mr. Frank Bolden, Council of School Officers
               Ms. Loretta Blackwell, Director, DCPS – LMER

# EXHIBIT 4

# COUNCIL OF SCHOOL OFFICERS, LOCAL 4 – AFL-CIO

### American Federation of School Administrators
### P.O. Box 29591
### 2120 Bladensburg Road, N.E., Rm. 205
### Washington, D.C. 20018
### Phone Nos. (202) 526-4700 or 8024 – Fax (202) 526-8088

December 12, 2003

Mrs. Jean Baker
American Arbitration Association
601 Pennsylvania Avenue, NW
Washington, DC 20004

                SUBJECT:  Step 3 Grievance – Arbitration
                      RE:  District of Columbia Public Schools
                           Dr. Mildred L. Musgrove, Former Principal
                           Anacostia Senior High School

Dear Mrs. Baker:

      Pursuant to Article VIII, Section C, 2b of the Agreement between the Board of Education of the District of Columbia and the Council of School Officers, Local 4, American Federation of School Administrators, we are invoking Step 3 in the grievance process by requesting the American Arbitration Association to schedule a hearing and assign an arbitrator in accordance with established protocol. This matter concerns the termination, i.e., discharge of a CSO member from her position as principal of Anacostia Senior High School in the District of Columbia Public School System.

      The matter was not resolved in a manner satisfactory to the Council at the Step 2 level in the grievance process and, therefore, we are exercising our option to submit this matter to arbitration.

      This employee had significant tenure and "property rights" in the school district, and in her position as principal. Management acted with malice and capriciously by imposing the ultimate sanction of "termination," i.e, discharge.

      The Council seeks, as relief, the following and any other reasonable award as may be granted by the Arbitrator:

- Reinstate the Grievant to a full-time administrator's position as ET-06 principal's classification;
- The foregoing reinstatement will be completed without loss of seniority or other benefits. This reinstatement will reflect no break in service, i.e., the grievant is to be made whole.

Mrs. Jean Baker
December 12, 2003
Page 2

- The Grievant's personnel file at DCPS will be purged to reflect that she received no discipline related to her alleged termination of employment which was effective on or about August 6, 2003;

- DCPS will restore any sick, annual, or other leave as well as benefits to which she might have been entitled if DCPS had not terminated/discharged her employment effective on or about August 6, 2003.

If you have questions regarding this matter, please do not hesitate to contact our office.

Respectfully,

Bernard C. Lucas, Sr.
President

Attachment

cc: Elfreda Massie
    Vera White
    Veleter M.B. Mazyck
    William Wilhoyte
    Karen Jackson
    Loretta Blackwell
    Mildred Musgrove
    Mark Murphy

# EXHIBIT 5

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA | 09-244 BC (CN) |
| ☐ EEOC | 10CA400214 |

D.C. Office Of Human Rights                                                and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Dr. Mildred L. Musgrove | (202) 635-7080 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1010 Taylor Street, N.E., Washington, DC 20017 | | 02/07/1947 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *Include Area Code)* |
|---|---|---|
| D.C. Public Schools | Cat D (501 +) | (202) 442-4080 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 825 North Capitol Street, N.E., Washington, DC 20002 | | 001 |

| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ RETALIATION    ☒ AGE    ☐ DISABILITY    ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 09/01/1998 | 11/14/2003 |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I believe I have been discriminated against and subjected to disparate treatment in the terms, conditions, privileges and the involuntary termination of employment on the bases of my gender(female), age (56) and retaliation because:

I was hired by Respondent as a Teacher on October 1, 1970, and I performed my duties satisfactorily. I was appointed to my final position as a Senior High School Principal on December 17, 1997.

From September 1998 up to the 2002-2003 school year, Respondent subjected me to disparate treatment when I was not compensated as my similarly situated male senior high school principals. I was not afforded the resources and support that Respondent gave to the male high school principals, for which I complained continually to Respondent.

In retaliation, Respondent subjected me to harassment when from Spring 2002 through September 2002, I received many intimidating phone calls about the upcoming September elections. In August 2002, Respondent's Chief of Staff (male) stated that he felt that I was frustrated, divisive, bitter and angry. In October 2002, Respondent's Director of Communications (female) chastised me for failing to return a telephone call to a Washington Post reporter. This harassment created a hostile work environment for me.

** Text is Continued on Attached Sheet(s) **

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *When necessary for State and Local Requirements* |
| | Haydn Dames |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | Notary Public, District of Columbia My Commission Expires 12-14-2008 |
| | SIGNATURE OF COMPLAINANT |
| | *Mildred L. Musgrove* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)* |
| Date        Charging Party *(Signature)* | 5/14/04 |

EEOC FORM 5 (Rev. 07/99)                                                FILE COPY

May 14 13:57 2004   CP Initials *M.L.M.* Chg # , Attachment Page 1

--------------------------------------------------------------------------

Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text
--------------------------------------------------------------------------


On February 25, 2003, Respondent placed me on administrative leave for
an allegation of violating the Superintendent's directive regarding fire
code violations, but did not suspend a similarly situated male principal
for the same infraction.

On July 16, 2003, I received a telephone call from a reporter with The
Washington Post who wanted my reaction to my being fired.  On July 17,
2003, I read about my firing in The Washington Post.  On July 23, 2003,
Respondent's security delivered my termination letter, effective August
6, 2003, to my home.  However, I did not receive my annual leave pay out
until November 14, 2003.

I charge Respondent with an unlawful discriminatory behavior on the bases
of sex, age, and retaliation, in violation of the D.C. Human Rights Act of
1977, as amended, Title VII of the Civil Rights Act of 1964, as amended,
and the Age Discrimination in Employment Act.  I have not commenced any
action, civil, criminal or administrative, based on the above
allegations, other than the following:  CROSS FILED WITH THE EEOC.

# EXHIBIT 6

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is entered into by and between the DISTRICT OF COLUMBIA PUBLIC SCHOOLS ("DCPS"), the COUNCIL OF SCHOOL OFFICERS ("CSO"), and MILDRED MUSGROVE ("Grievant"), collectively ("Parties"), in settlement of the issues regarding her termination of employment with DCPS.

WHEREAS, Grievant, former principal at Anacostia Senior High School, received a July 23, 2003 notice of termination, effective August 6, 2003, for "discourteous treatment of the public, supervisor, or other employees," and "violation of the rules, regulations, or lawful orders of the Board of Education or any directive of the Superintendent of Schools, issued pursuant to the rules of the Board of Education."

WHEREAS, a grievance was filed by CSO concerning the Grievant's termination; a Step 2 grievance hearing was held on September 25, 2003 and a decision rendered on November 25, 2003 denying the grievance. A Demand for Arbitration was filed on December 12, 2003.

WHEREAS, the Parties, in the spirit of good faith, have engaged in settlement discussions to resolve this dispute;

**The Parties hereby agree that:**

1.  DCPS shall, upon the execution of this Agreement, reinstate the Grievant as a principal with the school system, effective the date of her termination, for the purpose of there being no break in service for retirement and benefit purposes, but not later than school year 2004-2005, place her at an appropriate high school, provided, however, she is not returned to her position at Anacostia Senior High School;

2.  DCPS shall, upon the execution of this Agreement, rescind and remove from the Grievant's Official Personnel Folder all documents pertaining to the Grievant's termination.

3.  Within thirty (30) days of signing this Agreement, DCPS shall make the grievant whole and shall pay to the Grievant, back pay from August 6, 2003 through the effective date of her reinstatement less ten (10) days. The ten (10) days will be considered leave without pay. Any back pay amounts will be subject to all taxes and deductions as required by Federal and Local laws.

4.  DCPS shall rescind and remove from the Grievant's Official Personnel Folder all documents pertaining to the Grievant's termination.

(Initials - CSO)
(Initials - Grievant)
(Initials - DCPS)

Settlement Agreement – Mildred Musgrove
Page 2

5.  In exchange for, and as an express condition of aforesaid actions by DCPS, CSO shall withdraw the grievance-arbitration matter filed on behalf of the Grievant.

6.  Grievant hereby waives, releases and agrees not to pursue or file any action or complaint of any nature or kind in any forum regarding her termination that was the subject of this grievance.

7.  This Agreement shall not be offered as evidence, or introduced for any other purpose, in any other forum, including but not limited to, judicial, administrative, and/or arbitral proceedings, except for the sole purpose of enforcing the obligations and restrictions which pertain exclusively to the Grievant, the Union and DCPS.

8.  The terms and conditions of this Agreement shall not be considered precedent and shall not be referenced in any subsequent matters arising between the parties.

9.  In relation to the waiver and release set forth in paragraph 6 above, Grievant agrees and understands that:

    a.  She has carefully read the entire Agreement, including the provisions specifically related to the release and waiver of claims;
    b.  She understands the Agreement, including the provisions specifically related to the release and waiver of her claims;
    c.  She does not waive any rights or claims that arise after the date of execution of this Agreement;
    d.  She has been advised to consult with an attorney about this Agreement before signing it;
    e.  She has had an opportunity to consult with an attorney before signing this Agreement;
    f.  Grievant acknowledges that she has been given the opportunity to consider this Agreement for twenty-one (21) days in accordance with the Older Workers Benefit Protection Act and accepts this Agreement in its present form;
    g.  Grievant acknowledges that she has been advised that, following the execution of this Agreement, she would have seven (7) days following the date of execution to revoke the same by personally notifying the Director of Labor-Management Relations of her intent to revoke the Agreement within the seven (7) day period.
    h.  In accordance with Paragraph g, above, this Agreement shall not become effective or enforceable until the seven (7) day revocation period has expired.

_BCRR_ (Initials - CSO)
_MRM_ (Initials - Grievant)
_AB_ (Initials - DCPS)

Settlement Agreement – Mildred Musgrove
Page 3

IN WITNESS WHEREOF, the PARTIES agree to the terms of this AGREEMENT and affix their signatures thereon.

COUNCIL OF SCHOOL OFFICERS

By: *Bernard C. Lucas, Sr.*                    Date: May 25, 2004
    Bernard C. Lucas, Sr. President

By: *Mildred L. Musgrove*                    Date: *May 25, 2004*
    Mildred Musgrove, Grievant

DISTRICT OF COLUMBIA PUBLIC SCHOOLS

By: *Loretta Blackwell*                    Date: 6/2/04
    Loretta Blackwell, Director LMER

*BCL Sr.* (Initials - CSO)
*M.L.M.* (Initials - Grievant)
*LB* (Initials - DCPS)

# EXHIBIT 7



**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**

*Office of Human Resources*
825 North Capitol Street, NE, Sixth Floor
Washington, DC 20002-4232
202/442-5420, fax: 202/442-5315
www.k12.dc.us

June 25, 2004

Ms. Mildred Musgrove
1010 Taylor Street, NE
Washington, DC 20017

Ms. Musgrove:

Pursuant to the agreement reached between the Council of School Officers (CSO) and the District of Columbia Public Schools system on May 24, 2004 you will be returned to a position as Principal for the SY 04-05. Please report to the Office of Human Resources, 825 North Capitol Street, 6th Floor on or before July 9, 2004 to submit the requested documents.

**Please note that in order to receive back pay it is necessary that you were willing and able to work during the time period you are claiming eligibility for back pay (i.e., full-time attendance in a university is not considered an eligible period for back pay). In an effort to compute any back pay and benefits owed you, our office is required to retrieve copies of all documents (i.e., payroll statements/stubs, copies of 1040s and W2s for each year involved, severance information, etc) which reflect the amount(s) of earning from outside employment during your time of separation. Please be sure to submit such documents to the Office of Human Resources, attention Valarie Sheppard.**

Attached to this correspondence is a form entitled "Affidavit Covering Outside Earnings and Erroneous Payments." Please complete and submit this form with the other requested information. Also note this form must be notarized.

Should you have any questions, please contact my assistant April Holloway at (202) 727-7013.

Sincerely,

Valarie Sheppard
Director, Staffing and Employment Services

Cc:    Labor Management and Employee Relations          Office of Finance
       Council of School Officers                       Official Personnel File
       Juan Baugh, Assistant Superintendent Senior High School

*Received 07-05*
*Regular mail*

# EXHIBIT 8

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**Office of Human Rights**

Judiciary Square Office
441 4th Street, NW Suite 570N
Washington, DC 20001
Phone: (202) 727-4559 • Fax:(202) 727-9589



Penn Branch Office
3220 Pennsylvania Avenue, SE, 1st Fl.
Washington, DC 20020
Phone: (202) 727-4559 • Fax:(202) 645-6390

**Kenneth L. Saunders**
**Director**

May 24, 2005

Beins, Axelrod, Kraft,
Gleason & Gibson, P.C.
c/o Dr. Mildred L. Musgrove
1717 Massachusetts Avenue, N.W.
Suite 704
Washington, D.C. 20036-2001

Reference:     *Mildred L. Musgrove vs. D.C. Public Schools*
               Docket No.: 04-249-DC (CN)
               EEOC No.: 10CA400214

Dear Dr. Musgrove:

This letter serves to notify you that the above-captioned complaint is being **DISMISSED ADMINISTRATIVELY** because the Office of Human Rights has been made aware of the settlement agreement you signed on May 25, 2004 in connection with your separation from the District of Columbia Public Schools. Included in that agreement is a waiver of any action or complaint of any nature or kind in any forum regarding your termination that was the subject of the grievance.

For the foregoing reasons, it is hereby ordered that your complaint is **DISMISSED ADMINISTRATIVELY**.

You may file a written request for reconsideration of this administrative dismissal within 15 calendar days of receiving this decision. In such request, you should state specifically the grounds upon which the request for reconsideration is based. If you have any questions regarding this matter, please contact Dianne Betz, EOS Supervisor, at (202) 727-4559.

Sincerely,

Kenneth L. Saunders
Director

MAY 27 2005

cc:     District of Columbia Public Schools
        Attn: Valerie Jones
        825 North Capitol Street, N.E., 6th Floor
        Washington, D.C. 20002-515

# EXHIBIT 9



### U.S. Equal Employment Opportunity Commission
### Washington Field Office

1801 L Street, N.W.
Suite 100
Washington, DC 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0739
1-800-669-4000

Mildred L. Musgrove
1010 Taylor Street, N.E.
Washington, DC 20017

Re:    Mildred L. Musgrove vs. D.C. PUBLIC SCHOOLS
       EEOC No: 10C-2004-00214

Dear Dr. Musgrove:

In view of the agreement reached between you and D.C. PUBLIC SCHOOLS, the Equal Employment Opportunity Commission (EEOC) will take no further action on this charge.

The EEOC will discontinue processing the above noted charge. This action does not reflect any judgement by the EEOC as to the merit of the charge or the terms of the settlement. Furthermore, the EEOC does not waive its right to process any other charge, including a charge filed by a Commissioner of the EEOC, or to institute a directed Age Discrimination in Employment Act (ADEA) or directed Equal Pay Act (EPA) investigation of the respondent.

On Behalf of the Commission:

**JUL 2 1 2005**
_____
Date

_____
Dana Hutter
Director

cc:

Valarie Jones
D.C. PUBLIC SCHOOLS
825 North Capitol Street, N.E.
Washington, DC 20002

# EXHIBIT 10

**Featherstone, Kerslyn D. (OAG)**

| | |
|---|---|
| **From:** | Featherstone, Kerslyn D. (OAG) |
| **Sent:** | Tuesday, May 13, 2008 5:16 PM |
| **To:** | 'E. Lindsey Maxwell II, Esq.' |
| **Subject:** | RE: Mildred Musgrove |

Please let me know the outcome of your speaking with Ms. Musgrove and provide any documentation she may have regarding the notice by COB tomorrow.

Thanks!

Kerslyn D. Featherstone
Assistant Attorney General
202-724-6600

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of this message.

-----Original Message-----
From: E. Lindsey Maxwell II, Esq. [mailto:elmesq@gmail.com]
Sent: Tuesday, May 13, 2008 5:01 PM
To: Featherstone, Kerslyn D. (OAG)
Subject: RE: Mildred Musgrove

I currently do not have such a notice. However, I have been unable to discuss this with my client. She may have prepared such a notice but if she did, I have no knowledge of it.

elm

-----Original Message-----
From: Featherstone, Kerslyn D. (OAG) <kerslyn.featherstone@dc.gov>
Sent: Tuesday, May 13, 2008 4:26 PM
To: elmesq@gmail.com
Subject: Mildred Musgrove

Mr. Maxwell:


This is to confirm our earlier conversation that you do not have D.C. Code § 12-309 notice for Ms. Musgrove's DCHRA claims. Please let me know by close of business tomorrow if you have otherwise.


Thanks in advance!

Kerslyn D. Featherstone


Kerslyn D. Featherstone

Assistant Attorney General

Office of the Attorney General for

 the District of Columbia

441 4th Street, N.W., Suite 600-S

Washington, DC  20001

(202) 724-6600 - office

(202) 741-8924 - facsimile


Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the
individual or entity to which it is addressed. This communication may contain information
that is proprietary, privileged or confidential or otherwise legally exempt from
disclosure. If you are not the named addressee, you are not authorized to read, print,
retain, copy or disseminate this message or any part of it. If you have received this
message in error, please notify the sender immediately by e-mail and delete all copies of
this message.

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MILDRED MUSGROVE,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action No. 06-1861 (EGS)** |
| | **:** | **Judge Emmet G. Sullivan** |
| **v.** | **:** | |
| | **:** | |
| **DISTRICT OF COLUMBIA,** | **:** | |
| | **:** | |
| **Defendant,** | **:** | |
| | **:** | |
| _____ | **:** | |

**ORDER**

Upon consideration of Defendant District of Columbia's Motion to Dismiss, or, in the

Alternative for Summary Judgment, any opposition filed by plaintiff, and the entire record herein, it

is by this _____ day of _____ 2008,

**ORDERED** that Defendant's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that Summary Judgment is granted in favor of the District of

Columbia on all counts of the Amended Complaint.

**SO ORDERED.**

_____
The Honorable Emmet G. Sullivan
Judge, U.S. District Court for the District of
Columbia

Copies to:

Kerslyn D. Featherstone, Esq.
441 4th Street, NW, Suite 600-S
Washington, DC  20001

E. Lindsey Maxwell II, Esq.
The Intersect Law Group, PLLC
1629 K Street, NW, Suite 300
Washington, DC 20006

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MILDRED MUSGROVE,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 06-1861 (EGS)** |
| | : | **Judge Emmet G. Sullivan** |
| **v.** | : | |
| | : | |
| **DISTRICT OF COLUMBIA,** | : | |
| | : | |
| **Defendant,** | : | |
| | : | |
| _____ | : | **ORDER** |

Upon consideration of Defendant District of Columbia's Motion to Dismiss, or, in the

Alternative for Summary Judgment, any opposition filed by plaintiff, and the entire record herein, it

is by this _____ day of _____ 2008,

**ORDERED** that Defendants' Motion is **GRANTED**; and it is

**FURTHER ORDERED** that the Amended Complaint is **DISMISSED,** with prejudice.

**SO ORDERED.**

_____
The Honorable Emmet G. Sullivan
Judge, U.S. District Court for the District of
Columbia

Copies to:

Kerslyn D. Featherstone, Esq.
441 4th Street, NW, Suite 600-S
Washington, DC  20001

E. Lindsey Maxwell II, Esq.
The Intersect Law Group, PLLC
1629 K Street, NW, Suite 300
Washington, DC 20006