UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **MILDRED MUSGROVE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 06-1861 (EGS) |
| : | |
| **DISTRICT OF COLUMBIA,** : | |
| : | |
| **Defendant,** : | |
| : | |
| _____ : | |

## DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSIITON TO DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant District of Columbia ("the District"), by and through the undersigned, hereby replies to plaintiff's opposition to the District's motion.

The following facts are not in dispute[1]:

- Plaintiff was employed as the principal of Anacostia High School with DCPS since December 17, 1997. *See* Amended Complaint at 2, ¶ 6.

- On February 25, 2003, plaintiff was placed on administrative leave. *Id.* 3, ¶12.

- On July 23, 2003, plaintiff was terminated from her position as Principal of Anacostia High School, effective August 6, 2003. *Id.* at 3, ¶14; *see also* Motion to Dismiss, Exh. 1.

- On December 13, 2003, plaintiff requested arbitration regarding her termination. *Id.,* Exh. 4.

- On May 14, 2004, plaintiff filed a charge of discrimination with DCOHR. *Id.,* Exh. 5.

---

[1] All other facts as stated by plaintiff in her "Statement of Material Facts Not in Dispute" are disputed.

- On May 25, 2004, plaintiff entered into a settlement agreement with DCPS. *Id.*, Exh. 6.

I. **PLAINTIFF'S COMPLAINT OF EQUAL PAY ACT VIOLATIONS TO DCOHR/EEOC IS TIME-BARRED.**

In opposing the District's motion, plaintiff has failed to articulate any basis for the survival of Equal Pay Act claims. In the amended complaint filed with this Court and the complaint filed with DCOHR, plaintiff alleges that she knew of the "unequal" pay claims as early as her appointment to Anacostia High School in September 1997. *See* Amended Complaint at 2, ¶7. The *Ledbetter* case clearly establishes that a claim for violation of the equal pay act must be made within 180 days or 300 days of the alleged incident. 127 S.Ct. 2162, 2165 (2007). Plaintiff did not file her complaint with DCOHR/EEOC until May 14, 2004, some four years after she knew of the claims. *See* Motion to Dismiss, Exh. 5. Moreover, plaintiff's complaints of equal pay violations were only included up to the 2002-2003 school year. *Id.* Thus, logically June 2003, which would have been the end of school year, would have been the cut-off for any allegations of the Equal Pay Act. Because plaintiff's original complaint was filed on May 14, 2004, only those allegations that occurred on or after July 12, 2003 are viable, thus plaintiff's claims are time-barred and must be dismissed.

Furthermore, plaintiff's arguments that the defendant's assertions that Plaintiff made no claim to DCOHR regarding equal pay violations are disingenuous at best. First, the District never stated that plaintiff failed to make any claims of the Equal Pay Act violations in her DCOHR complaint. *See* Opposition at 12. Defendant asserted that plaintiff failed to state in her DCOHR complaint that her retirement calculation was based on a violation of the Equal Pay Act, and thus, that complaint could not be considered to have been filed in a timely manner. *See* Motion at 10. Based on the holding in *Ledbetter*, plaintiff should have filed a new complaint

2

with DCOHR/EEOC regarding that specific equal pay violation. 127 S.Ct. 2162, 2165 (2007).

Moreover, plaintiff once again can not articulate to this Court why her claim of hostile work environment is not time-barred as argued by the District. Plaintiff avers that the District failed to recognize other "obvious signs of hostile work environment" that occurred after 2002, which are in the complaint as a basis for her hostile work environment claim. *See* Opposition at 13. However, what plaintiff fails to state is that even in light of the other alleged "obvious signs", plaintiff only articulated that she was subjected to retaliation and a hostile work environment between Spring 2002 to Fall 2002. *See* Motion to Dismiss, Exh. 5. Again, plaintiff made her allegation of retaliation and hostile work environment to DCOHR on May 14, 2004. *Id.* Moreover, plaintiff alleges that as late as October 2002, plaintiff was chastised for failing to return a phone call to a Washington Post Reporter. *Id.*

The time period for filing complaints with DCOHR and EEOC is 300 days. *See Ledbetter, supra,* 127 S.Ct. at 2165. Plaintiff's complaints of hostile work environment were only alleged to have occurred from Spring 2002 – Fall 2002, with the latest allegation taking place in October 2002. Again, because plaintiff filed her complaint with DCOHR on May 14, 2004, the only allegations that would fall within the statutory filing period would be those discriminatory acts that occurred on or after July 12, 2003. Here, plaintiff's allegations occurred only up to October 2002, which squarely fall outside of the 300-day statutory time period and are time-barred.

Because plaintiff failed to file her alleged acts of discrimination within the prescribed 300-day statutory filing period, her claims of Equal Pay Act violations (Count I) and Hostile Work Environment under Title VII (Count II) are time-barred and must be dismissed.

**II.     D.C. CODE § 12-309  NOTICE IS APPLICABLE FOR CLAIMS UNDER THE DCHRA.**

Plaintiff argues in her opposition that D.C. Code § 12- 309 is inapplicable and does not apply.  This argument is without merit.

Pursuant to D.C. Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given **notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.** (emphasis added)

Plaintiff argues in great detail that "as a pure logical matter… [plaintiff] could not have possibly known within (6) six months after her termination that she would inevitably file suit against the D.C. Government."  *See* Opposition at 15.  A closer review of the statute would reveal that the notice requirement is not of any intent to sue the government, it simply places the District on notice of an injury or damage.

Here, plaintiff has alleged injuries that occurred before her July 2003, termination.  *See* Amended Complaint and Motion to Dismiss, Exh. 5.  Plaintiff alleged retaliation and hostile work environment from Spring 2002 through Fall 2002.  Additionally, plaintiff alleged age discrimination from August 2003 through October 2003.  *See* Amended Complaint at 4, ¶15.  The claims were brought under the D.C. Human Rights Act ("DCHRA").

In its motion, the District cites case law that supports its position that § 12-309 applies to DCHRA claims.  Plaintiff cites none to the contrary.  Plaintiff implores this Court to use logic in determining that § 12-309 does not apply.  *See* Opposition at 15.  Moreover, plaintiff further advances the argument that a letter sent to D.C. Public Schools should have been sufficient to put the District of notice of plaintiff's intent to sue.  Plaintiff fails to realize that it is not whether

plaintiff's claims were known to the agency involved, rather, it is a statutory compliance that must be adhered to and failure to do so results in a dismissal of her claims. *See Byrd v. District of Columbia*, 538 F. Supp. 2d 170,175 (D.D.C. 2008) (court held that DCHRA claims, to the extent they sought unliquidated damages, were dismissed for failure to provide mandatory notice under § 12-309).

Therefore, since the plaintiff did not file a § 12-309 notice, her claims under the DCHRA must be dismissed as a matter of law.

### III. PLAINTIFF'S CLAIMS ARE BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS AND THE SETTLEMENT AGREEMENT ENTERED INTO WITH DCPS.

In her opposition, plaintiff argues that her initial discriminatory discharge occurred on July 16, 2003. *See* Opposition at 17. In addition, plaintiff asserts that her claims of discrimination are continuing violations. *Id.* It is important to note that in her complaint to DCOHR, plaintiff alleged the date of discrimination began September 1, 1998, and plaintiff did not allege this as a continuing action. *See* Exh.5. The DCOHR action was not filed until May 14, 2004. The tolling effect of filing a claim with DCOHR does not help plaintiff, since the time from the first alleged discriminatory act is well over a year from the date plaintiff filed with DCOHR/EEOC.

Next, plaintiff argues that EEOC "mistakenly and improperly issued a right to sue letter addressed to Dr. Musgrove when it was actually meant for another complainant." *See* Opposition at 17.[2] Plaintiff's argument misses the point. On May 24, 2005, DCOHR informed plaintiff that her case was administratively dismissed because of the settlement agreement. *See* Motion to Dismiss, Exh. 8. Additionally, on July 21, 2005, EEOC administratively informed

---

[2] Other than mere conclusory statements, plaintiff has not alleged any specific facts that support the allegation that EEOC mistakenly issued plaintiff a right to sue letter, or that DCPS agreed to EEOC re-opening plaintiff's discrimination complaint.

plaintiff that no further action would be taken on her claim because of the settlement agreement. *Id.*, Exh. 9. It was not until over one year later plaintiff sought to "re-open" her claim with DCOHR/EEOC, alleging that DCPS agreed to the re-opening of the matter. *See* Plaintiff's Exh. 10. Relying on those representations, EEOC issued a right to sue letter on August 7, 2006. Nevertheless, plaintiff's claims were already time-barred as of the EEOC's July 21, 2005 dismissal. Accordingly, plaintiff's claims are barred by the one-year statute of limitations for discrimination and must be dismissed.

Plaintiff further argues that the settlement agreement does not apply to the claims filed in her amended complaint. In the settlement agreement entered into by plaintiff and DCPS, plaintiff agreed to release and not to pursue or file any action or complaint of any nature or kind in any forum regarding her termination that was the subject of this grievance." *See* Motion to Dismiss, Exh. 6.

Plaintiff argues in her opposition that the phrase "that was the subject of this grievance" limits the subject of the claims plaintiff can bring regarding her termination. *See* Opposition at 18. However, the District contends that in settling plaintiff's termination, the language of the agreement stated, in part, that plaintiff agreed to not pursue or file **any** action or complaint of **any** nature in **any** forum regarding her termination (emphasis added). *See* Motion to Dismiss, Exh. 6. Plaintiff would have the court believe that "any" has a less inclusive definition.

Plaintiff now seeks to bring three causes of actions, as stated in her amended complaint. In each cause of action, plaintiff alleges that she was terminated (1) because she requested equal pay to that of other male principals, (2) because of her complaining about the equal pay violations, she was subjected to a hostile work environment; and (3) because of her age. It is clear that each of these allegations fall squarely within "any action or complaint regarding her

termination."  Plaintiff argues that the DCOHR is the only forum that has jurisdiction over claims of discrimination.  *Id.*  A person can waive, release, or give up her right to challenge acts of alleged discrimination by way of a settlement agreement and that waiver and/or release is binding.  *See Morgan v. Federal Home Loan Mort. Corp.,* 172 F.Supp.2d 98, 106 (D.D.C. 2001) (court held that "[u]nder federal law, plaintiff's decision to waive federal discrimination and retaliation claims through release will be enforceable if decision was knowing and voluntary".)  Here, plaintiff agreed not to pursue or file **any** action or complaint of **any** nature in **any** forum regarding her termination (emphasis added).  *See* Motion to Dismiss, Exh. 6.  By signing the release, plaintiff knowingly and voluntarily waived **any** claims regarding her termination, including those of discrimination.

By filing this action, plaintiff violated the express terms of the settlement agreement.  The claims alleged in her amended complaint fall squarely within the explicit language in her settlement agreement and therefore these claims must be dismissed.

## IV.   THERE ARE NO EXTRAORDINARY CIRCUMSTANCES THAT WARRANT PUNITIVE DAMAGES AGAINST THE DISTRICT OF COLUMBIA.

Plaintiff's opposition is devoid of any facts to support a finding of extraordinary circumstances, which warrant the award of punitive damages against the District of Columbia.  Plaintiff states this case is extraordinary (1) because of the time spent with D.C. government agencies, (2) alleged disclosure of personnel information to Washington Post, and (3) alleged culture of sexual discrimination between male and female principals.[3]  These reasons are not extraordinary as defined by the D.C. Circuit, "where a jurisdiction's taxpayers are directly responsible for perpetrating the policies that caused [a] plaintiff's injuries," or where "a municipality or its policymakers have intentionally adopted [an] unconstitutional policy that

---

[3] Since plaintiff did not claim sexual discrimination, this allegation is completely irrelevant.

7

caused the damages in question.*" Daskalea v. District of Columbia*, 261, 227 F.3d 433, 447 (D.C. Cir. 2000); *see also Butera v. District of Columbia*, 235 F.3d at 658.  Based on the foregoing, plaintiff has failed to plead any facts to support a claim for punitive damages against the District, and the claim must be dismissed.

## CONCLUSION

**WHEREFORE,** based on the foregoing arguments, the District respectfully requests that plaintiff's amended complaint be dismissed, or in the alternative, the Court grant summary judgment in favor of the District of Columbia.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

____*/s/ Toni Michelle Jackson*_____
Toni Michelle Jackson [453765]
Interim Chief, General Litigation Section III
Civil Litigation Division

___*/s/  Kerslyn D. Featherstone*_____
KERSLYN D. FEATHERSTONE [422968]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6600
F(202) 727-3625