**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |
| MILDRED MUSGROVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. 06-1861(EGS) | |
| v. ) | |
| ) | |
| THE GOVERNMENT OF THE ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**MEMORANDUM OPINION**

The plaintiff, Mildred Musgrove, filed a Complaint against

the District of Columbia Public Schools ("defendant" or "District

of Columbia") alleging retaliatory discharge, hostile work

environment, denial of service, and age and gender

discrimination.   Before this Court is a Motion to Dismiss by the

defendant.   After careful consideration of defendant's motion,

plaintiff's opposition, and applicable case law, this Court

**DENIES** defendant's Motion to Dismiss.

**I.  BACKGROUND**

Plaintiff, Mildred Musgrove, was the principal at Anacostia

High School from 1997 until 2003.   She had been a teacher and

principal with the District of Columbia Public Schools since

1970.   In February 2003, she was placed on administrative leave

for disregarding the superintendent's directive regarding locked

doors in the school in violation of the D.C. Fire Code.   She was

eventually terminated,[1] which she grieved.   The grievance

resulted in arbitration, and she settled the case, whereby she

was reinstated as a principal with back pay.   The settlement

notwithstanding, plaintiff did not resume her role as a

principal.[2]

On May 19, 2004, plaintiff filed a claim with the District

of Columbia Office of Human Rights ("OHR") alleging retaliatory

discharge, hostile work environment, violations of equal pay, and

denial of service.   In her Complaint, plaintiff makes specific

allegations of harassment, retaliation, and discrimination,

including violations of the Equal Pay Act and the D.C. Human

Rights Act ("DCHRA").   The same claim was cross-filed with the

Equal Employment Opportunity Commission ("EEOC"), where the

parties went through mediation and an investigation.   After a

clerical error was corrected, the EEOC issued a right to sue

---

[1]   The reasons given for termination were "(1) Discourteous
treatment of the public supervisor, or other employees and (2)
Violation of the rules, regulations or lawful orders of the Board
of Education or any directive of the Superintendent of Schools."

[2]   On July 9, 2004, plaintiff received a letter from the
defendant informing her that she was being appointed principal at
Coolidge Senior High School.   She was instructed to report for
duty on July 12, 2004.   When she reported to the school, she was
unable to get in touch with her supervisor, or anyone who knew of
her appointment as principal at Coolidge.   Her continued attempts
to contact her supposed supervisor were to no avail.

letter on August 7, 2006.[3]  Plaintiff filed suit in this Court on November 1, 2006.

On July 11, 2008, defendant filed a motion to dismiss arguing that (1) plaintiff's claims are untimely; (2) plaintiff failed to comply with D.C. Code § 12-309; (3) plaintiff's claims are barred by the one-year statute of limitations and the settlement agreement she entered into; and (4) punitive damages are not recoverable against the District of Columbia.

On February 3, 2009, this Court directed the parties to address the applicability, if any, of the Lilly Ledbetter Fair Pay Act of 2009, to this matter.  As a result, defendant withdrew its timeliness argument.

## II.  DISCUSSION

### A.  Standard of Review

To survive a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must make

---

[3]  Musgrove case was mistakenly administratively dismissed by OHR because of mistaken identity.  This problem was correct by the OHR Director Kenneth Saunders.  Saunders attempted to administratively close the case a second time in 2005; he rescinded the dismissal.  On July 21, 2005, the EEOC sent plaintiff a right to sue letter for Simone Greggs, who worked at the Hard Rock Café in Washington, D.C. – another case of mistaken identity.  It took a year before plaintiff was able to correct these identity issues and receive a proper right to sue letter from the EEOC.

sufficiently detailed factual allegations in her complaint.  *See*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The

allegations must "raise a right to relief above the speculative

level."  *Id.* (citation omitted).  "In evaluating a Rule 12(b)(6)

motion, the Court must accept as true all of the factual

allegations contained in the complaint and grant the plaintiff

the benefit of all inferences that can be derived from the facts

alleged."  *Eleson v. United States*, 518 F. Supp. 2d 279, 282

(D.D.C. 2007) (internal citations and quotation marks omitted).

"However, 'a plaintiff's obligation to provide the grounds of

[her] entitlement to relief [in her complaint] requires more than

labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do.'"  *Id*. (quoting

*Twombly*, 550 U.S. at 555).   The Court is "not bound to accept as

true a legal conclusion couched as a factual allegation" when

considering a motion to dismiss.  *Trudeau v. Fed. Trade Comm'n*,

456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*,

478 U.S. 265, 286 (1986)).  In determining whether a complaint

fails to state a claim, the Court "may consider only the facts

alleged in the complaint, any documents either attached to or

incorporated in the complaint and matters of which [the Court]

may take judicial notice."  *EEOC v. St. Francis Xavier Parochial

Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (footnote and citation

omitted).

**B.   D.C. Code § 12-309**

D.C. Code § 12-309 has a notice provision requiring a
plaintiff who files suit "against the District of Columbia for
unliquidated damages" to give notice "within six months after the
injury or damage was sustained . . . in writing to the Mayor of
the District of Columbia of the approximate time, place, cause,
and circumstances of the injury or damage."  D.C. Code § 12-309.
The notice requirement is a condition precedent to filing a suit
against the District of Columbia.  *Gwinn v. District of Columbia*,
434 A.2d 1376, 1378 (D.C. 1981).  "Section 12-309 is not, and
does not function as, a statute of limitations.  Rather, it
imposes a notice requirement on everyone with a tort claim
against the District of Columbia, and compliance with its terms
is 'mandatory as a prerequisite to filing suit against the
District.'"  *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359
(D.C. 1995) (quoting *Hardy v. District of Columbia*, 616 A.2d 338,
340 (D.C. 1992)).

Defendant argues that plaintiff still has not notified the
mayor under the statute.  Plaintiff argues that not only did she
notify the District of Columbia under § 12-309, but also that the
statute does not apply because there is no way she could have
known within six months after her termination that she would
inevitably file suit against defendant because she had a
statutory right to file her case with OHR or with the EEOC –

which could have continued for longer than six months.

As an initial matter, this Court finds that plaintiff did give defendant notice of her intention to file a claim.  In a letter dated September 24, 2004, plaintiff's attorney informed the District of Columbia that plaintiff was prepared to proceed to trial.  *See* Letter from E. Lindsey Maxwell II, Esq. to Valerie Jones, Sept. 20, 2004.  The letter clearly states that plaintiff's claims are based on age and gender discrimination, among other things.  On September 21, 2004, the District of Columbia responded to plaintiff's attorney by letter stating that the plaintiff's correspondence was being transferred to the Attorney General for the District of Columbia.  *See* Letter from to Valerie Jones to E. Lindsey Maxwell, Sept. 21, 2004.

According to the D.C. Court of Appeals, the purpose of § 12-309 is to "provide an early warning to District of Columbia officials regarding litigation likely to occur in the future." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978). Section 12-309 also serves to "permit the District to conduct an early investigation of the facts and circumstances surrounding such claims."  *Id.*  In *Mazloum v. District of Columbia Metropolitan Police Department*, 522 F. Supp. 2d 24 (D.D.C. 2007), this Court held that "the content requirements of the notice given to the District . . . 'are to be interpreted liberally, and in close cases [courts are to] resolve doubts in favor of finding

compliance with the statute.'" (quoting *Shaw v. District of Columbia*, 2006 WL 1274765 (D.D.C. May 8, 2006)).

Plaintiff's letter clearly warned District of Columbia officials that litigation was likely to occur in the future, and the District of Columbia had sufficient time to conduct an early investigation of the facts and the circumstances surrounding plaintiff's claims.  Interpreting the statute liberally, plaintiff gave notice under the statute.  Her claims are not barred by § 12-309.  Having decided that plaintiff complied with the statute, it is not necessary for this Court to decide whether the statute applies to plaintiff's claims.

**C.   Statute of Limitations and the Settlement Agreement**

**I.   Statute of Limitations**

D.C. Code § 2-1403.16 provides that a cause of action must be filed "within one year of the unlawful discriminatory act, or the discovery thereof."  D.C. Code § 2-1403.16.  "The filing of a complaint with the [D.C.] Office [of Human Rights] . . . shall toll the running of the statute of limitations while the complaint in pending." *Id.*  Defendant argues that plaintiff did not timely file the DCHRA complaint, and that plaintiff's equitable claims are barred by the statute of limitations under the DCHRA.  Plaintiff argues that she did timely file her claims.

Plaintiff filed her claims with OHR on May 19, 2004, alleging there that the initial discriminatory discharge occurred

on July 16, 2003.  She, therefore, met the one-year deadline for her initial filing; plaintiff's claims tolled the statute of limitations.  Her claim, however, was administratively dismissed on May 24, 2005.  Plaintiff's administrative dismissal was an error; she presented documentation to the Court documenting the clerical mistake.  A proper right to sue letter was issued on August 7, 2006, and the case was reopened.  Plaintiff then properly filed suit on November 1, 2006, well within the ninety-day limit that the EEOC letter announced in its August 7, 2007 right to sue letter.

### ii.  Settlement Agreement

Defendant also claims that the settlement agreement covers the claims of discrimination and that plaintiff's claims are barred by it.  In the settlement agreement, plaintiff agreed to "release and to not pursue or file any action or complaint of any nature in any forum regarding her termination."  The question is whether her discrimination claim is covered by this release.  It is not.  The language of the settlement agreement indicates that it only covered her termination.  Her termination letter indicates that she was terminated for insubordination and violations of two specific sections of the D.C. Fire Code.  The allegations in this suit are age and gender discrimination claims that have nothing to do with insubordination or violations of the D.C. Fire Code.

### D.  Punitive Damages

Defendant argues that punitive damages against the District of Columbia are only recoverable in "extraordinary circumstances."  *Butera v. District of Columbia*, 235 F.3d 637, 658 (D.C. Cir. 2001).   The term "extraordinary circumstances" refers to circumstances "'where a jurisdiction's taxpayers are directly responsible for perpetrating the policies that caused the plaintiff's injuries' or 'where a municipality or its policymakers have intentionally adopted the unconstitutional policy that caused the damages in question.'"  *Id.* (quoting *Daskalea v. District of Columbia*, 227 F.3d 433, 447 (D.C. Cir. 2000)).   Plaintiff specifically claims that there is a culture of gender discrimination against female high school principals in the District of Columbia.  If true, plaintiff's allegations present circumstances upon which a jury might find that "extraordinary circumstances" could warrant the awarding of punitive damages.  This issue is not ripe for a motion to dismiss.

### III.  CONCLUSION

Defendant's Motion to Dismiss is **DENIED**.  An appropriate Order accompanies this Memorandum Opinion.


    **SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**United States District Judge**
**March 16, 2009**